IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

THOMAS GORE                              §

v.                                       §      CIVIL ACTION NO. 9:12cv64
                                                    Crim. No. 9:08cr36
UNITED STATES OF AMERICA                 §


MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT


The Movant Thomas Gore, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255, complaining of the validity of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Gore pleaded guilty to the charge of being a felon in possession of a firearm, receiving a sentence of 180 months in prison. He took a direct appeal, arguing that conspiracy to commit aggravated robbery should not count as a "violent felony" under the Armed Career Criminal Act, but the Fifth Circuit affirmed the conviction. United States v. Gore, 636 F.3d 728 (5th Cir. 2011). Gore then filed a motion to vacate or correct sentence under 28 U.S.C. §2255.

In his motion to vacate, Gore argued first that he received ineffective assistance of counsel with regard to how his attorney, Albert Charanza, negotiated the plea agreement; Gore referred to the plea agreement as a "contract of adhesion," said that a recommendation by the Government for a sentence reduction cannot qualify as "consideration," and argued that counsel gave him incorrect advice.

1

Continuing this theme, Gore went on to contend that plea agreements are analyzed under contract law and that he received no consideration, rendering the contract void. He complained that Charanza told him that he could receive the statutory maximum, not the advisory guidelines, if he went to trial, and this threat of a harsher punishment, which he says was not true, deterred him from going to trial. Gore contended that "unreasonable and unconscionable" contracts should not be enforced, referring to the disparity in bargaining power between the Government and a defendant, and asserted that the trial court abused its discretion in accepting his plea without inquiring into the total circumstances of how he came to enter into the plea without consideration. He argued that there was no "mutual consent" between himself and the Government.

Next, Gore argued that courts lack the power to enforce contracts which violate public policy and are facially void. He stated that his plea bargain is unenforceable because it lacks some of the elements of a valid contract. Finally, Gore complained that Charanza failed to "advocate opposition from the departure from the enhancement," that he would have withdrawn his plea had he been informed that his understanding of the plea would not prevail, and that he was the victim of fraud. He complains that the libraries of the Federal Bureau of Prisons do not contain the Restatement (2nd) of Contract Law and asserts that a conflict of law exists between the six-year statute of limitations on contract actions and the one-year limitations period on 2255 cases. In any event, Gore argues that his limitations period has not expired because the "last overt act" of the "civil conspiracy" is on-going.

The Government was ordered to file a response to the motion and did so. Gore filed a reply to this response. After review of the pleadings, the Magistrate Judge issued a Report recommending that the Section 2255 motion to vacate or correct sentence be denied.

In this Report, the Magistrate Judge observed first that the minutes of the change of plea hearing at which Gore pleaded guilty clearly show that this was done without a plea agreement. In his reply to the answer, Gore attached a copy of the plea agreement that he "thought he signed," although the document is in fact unsigned.

Gore also attached a copy of a message from Charanza to Assistant U.S. Attorney Lisa Flournoy, stating that Charanza can forward the plea agreement only if the waiver of appeal provision is deleted. In the message, Charanza said that he did not believe that the Armed Career Criminal Act guidelines should apply, but if this is ruled against him, he must appeal to protect Gore's rights. If the Government did not agree to withdraw the waiver, Charanza stated that he will have to go to trial.

The Magistrate Judge determined that neither of these documents showed that a plea agreement existed, but in fact confirmed that there was no such agreement. Charanza did take an appeal on the issue of the applicability of the Armed Career Criminal Act, and had there been a plea bargain, there would likely have been a waiver of appeal provision barring him from doing so. Because no plea agreement existed, the Magistrate Judge concluded that those of Gore's claims which center around the existence of a plea agreement are without merit.

The Magistrate Judge then addressed those claims which did not revolve around the existence of a plea agreement. Although Gore complained that Charanza rendered ineffective assistance by telling him that he could receive a sentence as high as the statutory maximum, this advice was correct. The Magistrate Judge also stated that Gore offered nothing more than unsubstantiated assertions that had counsel's advice been different in some way, Gore would not have pleaded guilty, but would have insisted on going to trial. Nor did Gore substantiate the allegation that counsel made a "promise" to him in order to induce a guilty plea.

Although Gore complained that Charanza did not tell him that he could have pleaded openly to the Court and received the same sentence, the Magistrate Judge stated that this is exactly what Gore did; he pleaded openly to the court (i.e. without a plea bargain) and received the minimum possible sentence. By doing so, Gore preserved his right to appeal, and an appeal was taken.

Gore complained that Charanza did not tell him that he could have gone to trial without facing a more severe sentence, but he makes no showing that he actually could have done so. The Magistrate Judge observed that whether Gore went to trial or not, he faced a sentencing range of 180

months to life under the Armed Career Criminal Act. Gore failed to show that he received ineffective assistance of counsel in that his attorney did not give him incorrect advice.

Next, Gore complained that Charanza did not tell him that he could have maintained a reduction of two of the three points for acceptance of responsibility even had he gone to trial. The Magistrate Judge stated that maintaining points for acceptance of responsibility when a case goes to trial is only seen in rare and limited instances and that Gore offered nothing to show that he would have received such a reduction, or that he even had a realistic possibility of obtaining it. Nor did Gore offer anything beyond conclusory assertions to show that had counsel given him such advice, he would not have pleaded guilty but would have insisted on going to trial.

Although Gore complained that Charanza deprived him of various rights, including the right to trial by jury, to confront and cross-examine witnesses, and to be free from self-incrimination, the Magistrate Judge stated that these are rights which Gore waived through his entry of a guilty plea and that Gore failed to show that Charanza wrongly induced the plea or that the plea was involuntary.

Similarly, Gore complained that Charanza deprived him of his right to appeal and to seek redress under 28 U.S.C. §2255, but he did in fact appeal and he has filed a Section 2255 proceeding. Because no plea agreement was signed, the Magistrate Judge said, there was no waiver of appeal provision to prevent him from pursuing these avenues.

Finally, Gore complained that Charanza deprived him of the "right to seek Freedom of Information," but he offered nothing to show that he has been unable to file Freedom of Information Act requests, much less that any action of Charanza's prevented him from doing do. The Magistrate Judge therefore recommended that the motion to vacate be denied and that Gore be denied a certificate of appealability *sua sponte*.

In his objections to the Report of the Magistrate Judge, Gore appears to concede that he may not have signed a plea agreement. He says, however, that "all rights afforded to criminal defendants are absolute" and cannot be taken without a knowing and voluntary waiver. In this case, he says,

there was a colloquy which "purports" to do that, but the Magistrate Judge does not address the "reality of the operation of law."

Gore argues that he would not give up his rights without the benefit of some concessions by the Government, if he would be given the status of armed career criminal which raises his liability. Yet somehow, he says, he has given up these rights, by "gifting" the Government his plea with no reciprocal obligation on the part of the Government to do anything. Gore implies that if he did do that,. he must have been "tricked" out of giving up his rights.

Gore complains that the Magistrate Judge did not address the issues which he raised in his reply to the Government's response and argues that an oral agreement is binding. From this, he reasons that his rights were taken without any real notice as to the process under which these substantive rights were taken.

To the extent that Gore raised new issues in his reply to the Government's answer, the Magistrate Judge did not err in not considering such new issues. *See* United States v. Cervantes, 132 F.3d 1106, 1111 (5th Cir. 1998) (district court properly refused to consider affidavits presented for the first time in a Section 2255 movant's response to the Government's answer); United States v. Anderson, 951 F.2d 626, 630 (5th Cir. 1992) (Section 2255 movant could not amend his pleadings to add new claims after the Government had answered); United States v. Sangs, 31 Fed.Appx. 152, 2001 WL 1747884 (5th Cir., December 11, 2001) (citing Cervantes in holding that the district court did not abuse its discretion in refusing to consider new issues raised in the response to the Government's answer). This objection is without merit.

The record shows that Gore entered an open plea, with no plea agreement. The Magistrate Judge before whom the plea was taken recommended, and the District Judge so found, that Gore was fully competent and capable of entering an informed plea, that Gore was aware of the nature of the charges and the consequences of the plea, and that the plea of guilty was knowing, voluntary, and freely made, and that this plea was supported by an independent factual basis. Gore offers nothing to set aside this conclusion.

Gore's argument that if he gave up his rights and received nothing in return, he "must have been tricked" also lacks merit. Such an argument would allow for the setting aside of any and all "open pleas," a result which is plainly untenable. In addition, Gore has failed to show that he received nothing for his plea; while there is no written plea agreement, this fact preserved his right to appeal, which he did. Gore also received the minimum possible sentence which it was possible to obtain, which there was no guarantee of receiving had he gone to trial, particularly in light of the fact that Gore received a reduction of two points from his offense level for acceptance of responsibility, which he likely would not have received had he gone to trial. This contention is without merit.

The Fifth Circuit has held that a guilty plea is more than a mere confession; it is an admission that the defendant committed the charged offense. U.S. v. Palmer. 456 F.3d 484, 491 (5th Cir. 2006), *citing* Taylor v. Whitley, 933 F.2d 325, 327 (5th Cir. 1991); North Carolina v. Alford, 400 U.S. 25, 32 (1970). As a general rule, therefore, a defendant may not collaterally attack a voluntary and intelligent plea; such a plea does not become vulnerable to habeas corpus review simply because later judicial decisions indicate that the plea rested on a faulty premise or that the legal and factual evaluations of the defendant's counsel were incorrect. Taylor, 933 F.2d at 327, *citing* Mabry v. Johnson, 467 U.S. 504, 508 (1984) *and* Brady v. United States, 397 U.S. 742, 757 (1970).

The Fifth Circuit has held that in order to rise to a due process violation actionable in a collateral attack upon a conviction, an error made during the guilty plea proceedings must make the plea unknowing or involuntary. Micheaux v. Collins, 911 F.2d 1083, 1089 (5th Cir. 1990). If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review. DeVille v. Whitley, 21 F.3d 654, 657 (5th Cir. 1994). In this case, Gore has failed to show that his plea of guilty was unknowing or involuntary or that he received ineffective assistance of counsel. His objections to the Report of the Magistrate Judge are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, including the Report of the Magistrate Judge and the Movant's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and the Report of the Magistrate Judge (docket no. 9) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Movant Thomas Gore is hereby denied a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **2** day of **February, 2013.**

_____
Ron Clark, United States District Judge